J. FREDERICK STARK
PLAINTIFF

v.

JEWEL FOOD STORES
DEFENDANT

United States District Court
North District of Illinois

**RECEIVED**

Civil Action

MAY 2 1 2010
May 21 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1:10-cv-03164
Judge Blanche M. Manning
Magistrate Judge Morton Denlow

## Complaint

### I. Introduction

1. On July 12, 1990, Congress enacted The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq, establishing the most important civil rights for persons with disabilities in our country's history.

2. The Congressional statutory findings include:

   a. "Some 43,000,000 Americans have one or more physical or mental disabilities...;

   b. "historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, some form of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c. "discrimination against individuals with disabilities persists in such critical areas as ... public accommodations;

d. "individuals with disabilities continually encounter various forms of discrimination, including ... the discriminatory effects of architectural ... barriers;

e. "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity ... to pursue those opportunities for which our free society is justifiably famous ..." 42 U.S.C. § 12101 (a).

3. Congress went on to state explicitly the purpose of the Americans with Disabilities Act to be:

(1) "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities ... (and)

2

(3) "to invoke the sweep of Congressional Authority ... to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. § 12101 (b).

4. Congress gave commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.

5. The Act placed a higher burden for businesses who renovate their facilities.

6. Nevertheless, Jewel Food-Stores, 3531 North Broadway Chicago, Illinois has continually discriminated against individuals with disabilities by placing or allowing non-disabled patrons to block access to a 34" passage only available to individuals with wheelchairs and or devices. Also, many times, the parking spots to persons with disabilities are taken by people without disabilities or senior citizens.

7. The plaintiff, a stroke survivor with a pronounced limp, who is 56 years old, was involved with the Act in public accommodations cases with the Chicago Transit Authority and Board of Elections. He discovered the store location at 3531 N. Broadway in the late 90's.

He observed that store was closed for most of 1998 for a major renovation. When the store re-opened, person with disabilities could not enter into the store because the access gate was blocked by cars on the outside or by food carts on the inside. Also, the two accessible parking spaces were utilized 80% the time by people who did not have a disability. He complained for ten years to various managers every month, but nothing was resolved.

## II. JURISDICTION

8. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

9. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983.

## III Parties

10. Plaintiff is a person with a disability who has more difficulty entering a store that only can be accessed sideway such as the Jewel store. He has been helping individuals and non-profit agencies to force businesses to provide access for 20 years.

4

11. Defendant JEWEL FOODSTORES, INC. HAS A commercial business AT 3531 North BROADWAY, CHICAGO, ILLINOIS.

## IV. FACTS

12. ONE OF THE MOST IMPORTANT OF THE AMERICANS WITH DISABILITIES ACT WAS TITLE III, KNOWN AS THE "Public Accommodations AND Services Operated by Private Entities," 42 U.S.C. §§ 12181, et. seq.

13. Congress included supermarkets AS ONE OF The Type of public Accommodations covered by the Act. 42 U.S.C. § 1281 (7)(A)

14. Defendant's business AT 3531 North BROADWAY IS A supermARKET.

15. As relevant to the present case, discrimination includes "the imposition of eligibility criteria that screen out an individual with disability from full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations..." 42 U.S.C. 12182,

16. When the defendant altered the store in 1998, the company had to devote a percentage of the construction to work on a accessible path of travel. ADAAG 4.1.6.

5

inserted and the car could no longer park in the access area. However, the food carts were still in the accessible entrance as recently as May 20, 2010. There has been no solution to the parking situation. Plaintiff contends this should be considered as a continuing violation of the Americans with Disabilities Act.

V. Claims

20. Pursuant to the Americans with Disabilities Act and the federal regulations promulgated pursuant to the Act, the defendant was to make the supermarket at 3531 North Broadway, Chicago, Illinois accessible by January 26, 1992.

21. By imposing or criteria that screen out an individual with disability from fully and equally enjoying any goods, services, or facilities, the defendant discriminates against Plaintiff and violates the Americans with Disabilities Act.

6

17. On May 22, 2009, Plaintiff noticed the entrance for people with disabilities was blocked by a parked car. Plaintiff tried to tell store employees about the problem, but there was no one available. Plaintiff sat in the back until the owner of the parked car returned. Plaintiff refused to move until the police arrived. After the period of one hour, Plaintiff let the driver leave since the police would not come. The manager came, but she did not resolve the problem.

18. On July 26, the 19th Anniversary of the Act, Plaintiff did again observed that the entrance for people with disabilities was blocked by a parked car. The car's owner returned to find Plaintiff was blocking owner's car. Managers came to check on the situation, and the police arrived but would not ticket the car's owner. Plaintiff decided to leave.

19. In October 2009, the renovation of the store was completed, and removable pylon were

**7**

# PRAYER FOR RELIEF

Wherefore, plaintiff respectfully pray:

1. That this Court assume jurisdiction;

2. That this Court issue an injunction enjoining defendant from continuing the discrimentation

3. That this Court award Plaintiff appropriate compensatory damage, attorney's fees and such additional or alternative relief as may be just, proper, and equitable.

Respectfully submitted,

J. Frederick Stark

754 W. Belden, Apt. 6
Chicago, Il. 60614
773-929-6686

Dated May , 2010

8